Scott, Chief Judge.
The only question necessary to be considered in this case is, whether the facts stated in the defendant’s fourth ground of defense are sufficient to constitute a defense to the plaintiff’s cause of action.
If they are, then the demurrer to it was properly overruled, and as the plaintiffs’ reply consisted only of an admission of the facts which it set up, without alleging any new matter by way of avoidance, the demurrer to such reply was properly sustained ; and then, for want of a sufficient reply to this fourth ground of defense, the defendant was entitled to judgment on the pleadings.
This fourth defense is based on the act of April 28, 1854 (S. & C. 1538), which reads as follows:
“ Seo. 1. That if the owner or possessor of any lot of land, in any city or incorporated village in this state, shall dig; or cause to be dug, any cellar, pit, vault, or excavation, to a greater depth than twelve feet below the curb of the *310 street on which such lot abuts; or, if there be no curb, below the surface of the adjoining lots, and shall, by such excavation, cause any damage to any wall, house, or other building upon the lots adjoining thereto, the said owner or possessor shall be liable, in a civil action, to the party injured, to the full amount of the damage aforesaid. Provided, however, that such owner or possessor may dig, or cause to be dug, any such cellar, pit, or excavation, to the full depth of any foundation-walls of any buildings upon the adjoining lots, and to the full depth of twelve feet below the grade of the'street whereon such lot abuts, established by the corporate authorities of any such city or incorporated village, without incurring the liability prescribed in this act.”
It is to be observed that the plaintiffs’ petition does not charge the defendant with malice or wantonness, or even with a want of proper care in the manner of making the necessary excavation for a cellar on his own lot. Their only complaint is that he dug his cellar to the depth of twelve inches below the foundation of their store-house and cellar, and “ knowingly, wrongfully, and negligently and without using due and proper care and precaution to prevent injury to the building occupied by plaintiffs, left said excavation open and unwalled, and plaintiffs’ foundation-walls wholly unprotected and exposed for ten days, whereby plaintiffs’ building was broken and fell to the ground,” etc.
Nor do the plaintiffs state any facts which render their right to the use and enjoyment of lot eighty-four, for the purposes,of building and cellarage; iu any respect superior to the right of defendant to use and enjoy his adjoining lot for similar purposes.
What the rights of the parties would be in a case like the present, independent of statutory regulations, it would bo superfluous to inquire. The statute we have quoted was iu full force when the plaintiffs’ supposed cause of action arose. As a matter of police regulation, its validity can not well be questioned.
Under the provisions of this statute wc think it clear *311 that when the owner of a village of city lot erects a building thereon, it is at his own peril if he so constructs it that the owner of the adjoining lot can not dig a cellar thereon to the depth allowed by the statute, without endangering its safety. The defendant in this case, for a proper purpose, and with no improper motive, used his lot in a manner expressly authorized by law. The plaintiff's could not legally abridge his right to do so, by their unsafe manner of constructing their foundation-walls, which should have been self-sustaining, without the support of the defendant’s contiguous earth, which he had a right to remove. And if to the depth of twelve feet from the surface the plaintiffs had no right to claim that their walls should be-supported by the contiguous soil of defendant, then the latter wms under no obligation immediately or within ten days to furnish other support in lieu of the earth removed. The. nonfeasance complained of was therefore damnum absque injuria.
We think the District Court properly affirmed the judgment of the Common Pleas.

Judgment affirmed.

Day, Wright, Johnson, and Ashburn, JJ.,'concurred.